FRANK JOHNSON # 56483
I.C.C.  C POD 211-B
Post Office Box 70010
Boise, Idaho 83707

Plaintiff pro se



## UNITED STATES DISTRICT COURT

## DISTRICT OF IDAHO

FRANK JOHNSON,                                )
        Plaintiff,                         )   Civil Case No. 1:11-CV-00053-CWD
                        )
        −vs−                          )
                        )   **VERIFIED AMENDED**
PHILLIP VALDEZ, former ICC Warden;   )   **CIVIL COMPLAINT**
TIM WENGLER, ICC Warden; DANIEL   )
PRADO, former ICC Assistant Warden;   )
JOEL YOUNG, former Assistant ICC   )
Warden; TOM KESSLER, present Assistant)
ICC Warden; JOSEPH CARDONA, former )
ICC Health Services Administrator (HSA); )
ALEC THACKER, current ICC HSA; and   )
various JOHN or JANE DOES, employed   )
by ICC's contracted medical care providers,)
all in their individual capacities;   )
                        )
as well as their successors in office,   )
                        )
        Defendants.                       )
_____)

      **COMES NOW**, FRANK JOHNSON, plaintiff pro se, and for his verified amended complaint states:

## I.
## PRELIMINARY STATEMENT

      The plaintiff is a post-operative colon-rectal Cancer patient, currently diagnosed as suffering from diabetes insipidus, Hepatitis C and gout; and, that same individual who brings before this Court a request for declaratory and injunctive relief in a civil action seeking compensatory and punitive damages for defendants' deliberate indifference to the plaintiff's serious medical needs causing, inter alia, needless pain and suffering, as well as violations of the plaintiff's right to be free from the subjection of culpable negligence and/or negligence per se on associated issues involving these same defendants.

**A CIVIL COMPLAINT − Page 1 of 10.**

Exhaustion of the plaintiff's administrative remedies, regarding these claims, was done in a timely and complete fashion, prior to the filing of this complaint.

## II.
## JURISDICTION AND VENUE

Jurisdiction in these matters stems from **28 USC 1331, 1343(3)** and **(4)**, since those matters in controversy herein arise under the auspicious of **42 USC 1983.**

Moreover, supplemental jurisdiction is hereby sought, pursuant to **28 USC 1367**, in this action predicated upon violation(s) of state negligence laws, as well as the fact that where these same claims are an intregal part of the case, such as here, this Court holds original jurisdiction under **Article III** of the United States Constitution.

Venue is proper in these proceedings as all of the material facts complained of herein occurred in the County of Ada, State of Idaho;  and, accordingly, these complaints are within the purview and jurisdiction of the United States District Court for the District of Idaho.

## III.
## THE PARTIES

THE PLAINTIFF:

1.     **FRANK JOHNSON** is a dual citizen of the United States and Canada; a legal resident of the State of Idaho; and, who, at all times relevant to the events complained of herein was housed within the Idaho Correctional Center (**ICC**), by virtue of a lawful Idaho judgment of conviction and sentence, under the direct care, custody, and control of Warden Phillip Valdez and later, his successor in office, Warden Tim Wengler.

DEFENDANTS:

2.     Each of the following defendants are to the best of the plaintiff's knowledge citizens of the United States and were at those times alleged herein legal residents of the State of Idaho; each possessed direct knowledge of the complaints assigned individually herein;  All of these defendants were, at those material times, employed as lawful agents or contractors for the State of Idaho, therefore legally and lawfully considered actors under color of state law.

A CIVIL COMPLAINT – Page 2 of 10.

3.      Defendant PHILLIP VALDEZ was employed by the Corrections Corporation of America (CCA) as the Warden of the Idaho Correctional Center (ICC) and the final appellate authority over those ICC medical grievances submitted by all ICC inmates, including the plaintiff, from 2008 thru mid-March of 2010.

In those capacities, Valdez had a legal and a contractural duty to see that the medical services provided inmates housed at ICC, including the plaintiff, met constitutional muster.

Defendant VALDEZ is being sued personally, and under both federal and state laws:

4.      Defendant TIM WENGLER is an employee of CCA and defendant Valdez' successor in office as both Warden at ICC and the final appellate review authority for ICC inmate medical grievances, since sometime in early 2010 and continuing through the date of this filing. As such, Wengler has and continues to have a legal and contractual duty to the plaintiff to provide a level of medical services that meets state and federal yardsticks.

Defendant WENGLER is being sued personally, under both federal and state laws.

5.      Defendant DANIEL PRADO was employed by the Corrections Corporation of America as the Assistant Warden of Security at ICC, from 2009 until March of 2010. Moreover, Prado was the initial appellate review authority for medical complaints filed by ICC inmates, including the plaintiff, with a legal duty and contractual obligation to protect the plaintiff and other ICC inmates from any deliberate indifference to their serious medical needs by those staff under his purview and control.

Defendant PRADO is being sued personally, under both federal and state laws:

6.      Defendant JOEL YOUNG was, throughout 2009 employed by the Corrections Corporation of America as an Assistant Warden of Operations at the Idaho Correctional Center. And, in that capacity, defendant Young had both the oversight of ICC's medical health services as well as the initial level of review authority for the grievance process on medical matters; and, accordingly, this defendant was legally and contractuarally bound to preserve and protect the rights of ICC inmates, including the plaintiff, from unconstitutional levels of medical care.

Defendant YOUNG is being sued under federal and state laws in his personal capacity:

A CIVIL COMPLAINT – Page 3 of 10.

7.     Defendant **TOM KESSLER** beginning in 2010 and continuing thru today, was employed as the ICC Assistant Warden of Operations, by the Corrections Corporation of America and defendant Young's successor in office. Upon reasonable information and belief, this defendant had a legal and contractual obligation to the plaintiff and all ICC inmates pursuant to his duties of administrative oversight for ICC's medical health services as well as being the initial level of review authority for the grievance system through which the plaintiff sought protection against the deliberate indifference to his serious medical needs regarding diet and the proper delivery of prescribed medications.

Defendant KESSLER is being sued personally, under federal and state laws:

8.     Defendant **JOSEPH CORDONA** was previously employed as the ICC Health Services Administrator; and, as such, Cordona had a legal duty and contractual obligation to maintain a level of medical services and distribution of prescribed medications that met the plaintiff's rights under both the Eighth Amendment to the United States Constitution and those same obligations under the state laws governing negligence.

Defendant JOSEPH CORDONA is being sued personally, under federal and state laws:

9.     Defendant **D. ALEC THACKER** is Cordona's successor in office, and the current ICC Health Services Administrator charged with the administration of the ICC medical services As such, Thacker has a legal duty and contractual responsibility to provide that level of distribution of prescribed medications and scheduling of health services that meets constitutional muster under the 8th Amendment to the U.S. Constitution  as well as those same duties and obligations under the state laws governing negligence for all ICC inmates, including the plaintiff.

Defendant THACKER is being sued personally, under state and federal laws:

10.     Defendants **JOHN and JANE DOES,** are those employees of ICC's contracted medical care providers, whose names are currently unknown to the plaintiff but, who were responsible for the initial and chronic care treatment of the plaintiff's diabetes insipidus, gout, colostomy maintenance, and prevention of plaintiff's unnecessary pain and suffering.

**A CIVIL COMPLAINT – Page 4 of 10.**

Initial discovery will reveal each of these defendants and the plaintiff will immediately move to amend with substitution and withdraw all references to Jane and/or John Does within 180 days of service, not counting settlement negotiation time frames:

Defendants JOHN & JANE DOE are being sued personally under federal and state laws

## IV.
### STATEMENT OF HISTORICAL FACTS

11.     The plaintiff is an Idaho state prisoner lawfully and continuously incarcerated pursuant to an Idaho conviction and sentence for second degree homicide since 1998.

12.     In April of 2004 the plaintiff was diagnosed with colon cancer; chemotherapy was instituted, and eventually a huge (7x14 cm) malignant tumor was surgically removed from the plaintiff's descending colon, along with a large portion of the colon itself; a stoma was implanted for life long waste removal.

13.     Initial recovery was marked by a serious kidney infection, excerbated by the fact that the plaintiff has congenital diabetes insipidus; a disease that affects kidney function and regulation of how the body uses water.

14.     All of these events occurred while the plaintiff, otherwise shown as Johnson, was housed at the Idaho Correctional Institution Orofino (ICI-O) and the Idaho State Correctional Institution (ISCI), South of Boise; they are introduced solely for historical purposes, and not intended as a direct part of the causes of actions brought here.

### STATEMENT OF MATERIAL FACTS

15.     ICC is a institutional facility owned by the Idaho Department of Corrections and managed under a contractual agreement with Corrections Corporation of America; a hire for profit corporation incorporated within the state of Maryland and based in Tennessee.

16.     On January 11, 2008 Johnson was transferred to the Idaho Correctional Center (ICC) West of ISCI, by Idaho Department of Corrections (IDOC) directive.

17.     When Johnson arrived he had previously been diagnosed and was being treated and/or monitored for the following medical problems: Care and maintenance of his stoma and colostomy; diabetes insipidus; gout; and Hep C.

**A CIVIL COMPLAINT – Page 5 of 10.**

18.     Immediately upon arrival Johnson began to experience problems with his medical treatment at ICC when his currently prescribed medications were taken away that same day and his treatment interrupted.   Johnson responded by filing a health services request and speaking with a Jane Doe nurse who met with him on January 17, 2008, and heard his complaints of pain and concerns about ICC's refusal to provide his prescribed medications.

19.     Beginning with his arrival and continuing through the present day Johnson has been forced to endure numerous and sometimes lengthy periods of the absence of medications intended to treat each of his medical problems with the exception of Hepatitis C. **See Appendice A 1-2**. A partial record of prescribed medication outages experianced by the plaintiff following his transfer to ICC, in this regard.

20.     The consequence of these on-going shortages of prescribed medications, plus the imposition of an improper diet, has been that the plaintiff has suffered needless pain and anxiety over these past many months, as well as the eventual destruction of his stoma and the necessity for two (2009 and 2011) separate operations to repair that device thus far:

21.     Despite having completely and repeatedly exhausted his administrative remedies on the issues of a diet incompatible with his colostomy, the repeated failure to deliver prescribed medications, the imposition of a dysfunctional grievance system which has only served to allow the defendants to delay and avoid proper medical treatment, and the plaintiff being repeatedly and erroneously charged for chronic care medications, the foregoing deliberate indifference continues to occur.

22.     The IDOC Grievance Policy 316.02.01.001, which CCA is contractually bound to follow, prescribes that medical grievance issues will be handled at the two appellate review levels of the process by trained medical personnel.

23.     Each of the defendants is aware of and has personally participated in those problems regarding Johnson's medical treatment during those times noted in this complaint's following causes of action section.

24.     As a matter of fact and law none of these defendants are not entitled to qualified immunity.

A CIVIL COMPLAINT – Page 6 of 10.

## VI.

## FIRST CAUSE OF ACTION

23.     Predicated upon the foregoing **and** following relevant facts and reasonable belief, the plaintiff alleges that defendants Valdez, Wengler, Prado, Young and Kessler have individually and collectively engaged in acts and and/or omissions which demonstrate a deliberate indifference to the serious medical needs of the plaintiff, causing or contributing to Johnson's needless pain and suffering, otherwise unnecessary surgery; and, that such conduct is in direct violation of those rights guaranteed Johnson under the Eighth Amendment to the U.S. Constitution and the responsibilities and duties of their respective offices:  **Specifically:**

    **A.  Defendant Phillip Valdez,** between January of 2008 and the time of his replacement by Defendant Wengler in 2010, assumed the mantle of the final appellate authority for medical grievance complaints by the plaintiff and all other inmates at **ICC,** during which time he denied the plaintiff's requests for relief from an improper diet for someone with a colostemy, as well as failing to correct the known and continuous systemic problem of the plaintiff's prescription medication outages; the combination of which caused Johnson continuous needless pain and suffering and two (2) otherwise unnecessary surgeries:

    **B.  Defendant Wengler,** between his appointment as the Warden of ICC in 2010 and the present date has elected to act in the capacity of the final appellate authority on matters of medically related grievances by the plaintiff and other **ICC** inmates, and over the course of such times this defendant has known and either failed to act upon or denied the plaintiff relief from the continuing problems with the failure to properly deliver pharmaceutical prescriptions to the plaintiff; thereby causing Johnson needless pain  and suffering and the necessity for otherwise unneeded surgery.

    **C. Defendant Prado,** during these 2009–2010 time frames, and in contradiction to the established mandates of IDOC Grievance Policy 316.02.01.001, has engaged himself as the initial appellate review authority on medical grievances and denied the plaintiff's complaints about an improper diet and ICC's failure to provide prescribed medication in a proper manner; thus contributing to and participating in the plaintiff's needless pain and suffering

    **D.**    **Defendant Young** was throughout the year of 2009 charged with the oversight of ICC medical services and, contrary to the tenets of IDOC Grievance Policy 316.02.01.001, functioned as the initial appellate authority on medical issues. Defendant Young was directly involved in denying the plaintiff his change of diet and failing in his duty to correct the systemic problems in ICC medical's untimely delivery of prescribed medications, despite his direct knowledge of those problems:

    **E.**    **Defendant Kessler**, subsequent to Defendant Young's leaving, has assumed the oversite of ICC medical services, as well as the intial review authority on grievances of a medical nature, contrary to the directives of IDOC Grievance Policy 316.02.01.001. Defendant Kessler has been directly involved in the denial of Johnson's complaints for relief from ICC medical's failure to deliver prescribed medications in a timely manner, despite his direct knowledge from 2010 through the present time; thereby causing or failing to prevent Johnson's needless pain and suffering.

24.    To the best of the plaintiff's knowledge and belief, none of the foregoing defendants has any formal training in the practice of medicine.

25.    While the defendants have changed since the on-set of the complained acts or omissions in 2008, the course of conduct has not; and, accordingly, the plaintiff alleges that the wrongs constitute a continuous tort and do not entitle the defendants relief under the normal statute of limitations:

**SECOND CAUSE OF ACTION**

26.    Moreover, based upon those same facts and beliefs, Johnson asserts that the conduct of defendants Cordona, Thacker, and various John and/or Jane Does, in failing to adequately address his initial medical problems and to provide permanent solutions to those same problems constitutes a deliberate indfference to Johnson's serious medical needs and/or culpable negligence. Thereby abrogating Johnson protections under the Eighth Amendments to the United States Constitution and those state laws regarding negligence.

27.     Accordingly, Johnson seeks declaratory, injunctive, compensatory and punative relief and damages against the defendants jointly and severally pursuant to **42 USC ¶1983**.

## VII.
## LAWSUITS AND ADMINISTRATIVE RELIEF

28.     There have been no previous law suits or other legal actions based upon these same set of material facts filed in any State or United States District Court.

## VIII.
## PRAYER FOR RELIEF

29.     The foregoing facts and reasons are sufficient to respectfully request that this Court enter an Order containing the following directives:

A.      **THAT** the Court assume jurisdiction of these proceedings, conduct it's initial review, pursuant to **28 USC 1915(e)** and **1915A**, and, thereafter place the matter on the Court's normal calendar: and,

B.      **ISSUE** an Order of referral to an **Article III Judge**, setting a judicially supervised early settlement conference:

C.      **IN THE EVENT** that a settlement agreement can not be reached and the plaintiff's evidence is found persuasive, that the Court enter a declaratory judgment which holds the defendants, individually and/or collectively have violated the plaintiff's applicable federal and state constitutional rights to due process and adequate medical treatment:

D.      **THAT,** an injunction be issued forbidding these defendants or any of their subcontractors or agents from any further and future failure to meet the medical treatment needs of the plaintiff.

E.      **THAT,** compensatory damages be awarded the plaintiff in an amount that the evidence at trial may show is proper against each of the defendants:

F.      **THAT,** punitive damages be granted against the applicable defendants, in an amount to be determined at that same trial:

A CIVIL COMPLAINT – Page 9 of 10.

G.     AND, for such other and alternative relief as is just and equitable under the circumstances, including the award of attorney fees and costs, should plaintiff obtain counsel.

DATED this 16th day of SEPTEMBER 2011.

Respectfully submitted by:

FRANK JOHNSON
Plaintiff pro se

## IX.

### VERIFICATION

29.    I, DO HEREBY CERTIFY and AFFIRM that I am the plaintiff in the above and foregoing civil complaint; that the plaintiff has read the included complaint in its entirety; and, that the facts and allegations contained therein are true and correct to the best of the plaintiff's knowledge and belief in all respects.

DATED this 16th day of SEPTEMBER 2011.

Respectfully submitted by:

FRANK JOHNSON
Plaintiff pro se

SUBSCRIBED and SWORN to before me, a Notary, on this 16th day of SEPTEMBER 2011.

NOTARY PUBLIC – State of Idaho

*** SEAL ***

JAMES G. QUINN
NOTARY PUBLIC
STATE OF IDAHO

Commission Expires: 9 / 10 / 13 /.

A CIVIL COMPLAINT – Page 10 of 10.

# PRESCRIPTION DRUG OUTAGES

| Date | Information |
|------|-------------|
| 01/13/08 | Arrived from the ISCI: All medications were withheld for approximately five (5) days, despite complaints to medical staff. |
| 01/17/08 | Asked N.P. Lee for meds., refused to provide & referred me to Dr. Garrett. |
| 09/25/08 | No KOPs today – HCTZ (diabetes) Out approximately 10 days by 9/27. |
| 10/03/08 | Supply day: Informed by Janet Stanger (J.S.) that per Paula Miser no more Bisacodyl in the bags. Had been given that way for almost ten (10) months. |
| 10/18/08 | Saturday: Told to pick up Cascara but prescription was not there. Val/Pharm. had ordered on 10/06/08 – Report to J.S. |
| 10/21/08 | Pill Call; Still no Cascara – showed on 10/23/08; Liquid Laxative single dose. |
| 10/23/08 | Amitiza – Ordered on 10/06/08 arrived today. Laxative. |
| 11/06/08 | Allopurinol HSR#150592 for Gout (Breaks down Uric acid in blood) pain meds. Rekyted HSR 150593 11/09/08.  Showed Up: 2/11/09 (?). |
| 12/06/08 | DDAVP 2nd HSR 154364 (diabetes insipidus) Scrip not renewed. |
| 12/18/08 | DDAVP – Still not in. |
| 12/20/08 | Pill Call: – Still no DDAVP. |
| 12/23/08 | DDAVP – 3rd Kyte HSR# 154365 (1st Kyte 154361)  Sick |
| 12/27/08 | DDAVP – Still none. Told "non-formulary don't want to buy because of cost." |
| 12/29/08 | Alyssia (sic) Told to report to Pill Call 12/30.  Sicker. |
| 01/02/09 | DDAVP – Still no pills – Sicker |
| 01/04/09 | Recv'd DDAVP finally. –  Ordered Allipurinol HSR# 154369. |
| 01/12/09 | Ordered Naproxin HSR# 01339 |
| 01/21/09 | No Naproxin – J.S. says not to rekyte. |
| 01/25/09 | No Naproxin – Reorder HSR# 01342 Gout and Arthritis pain. |
| 02/03/09 | Aldactone ordered. Still not there on 02/11/09 according to Nurse Hammond. |
| 02/04/09 | Naproxin Recv'd. |
| 02/18/09 | Aldactone Recv'd.    On 02/19/09 spoke with P.A. O'Conner about delay. No reply. |
| 04/03/09 | Aldactone shows, plus Indomethacin (Pain-Gout) Mandy Gage finds both. |
| 04/12/09 | Kyted for Desmopressin.HSR# 08749. |
| 04/22/09 | Lock Down ! Ordered KOPs. Reordered Aldactone 4/24; Desmopressin No Show 04/25. |
| 04/27/09 | Desmopressin Recv'd. |
| 05/06/09 | Recv'd Aldactone and Potassium – No Indomethesin (Pain for Gout) Out 3 days |
| 05/11/09 | Still no Indomethacin. 05/15/09 Reordered; 05/20/09 Still None. |
| 06/24/09 | Recv'd Indomethacin ! Out for total of 51 days. |
| 09/04/09 | DC'd Indomethacin (bleeding around Stoma), Potassium, replace w/Feldene |

**APPENDIX A-1.**

# PRESCRIPTION DRUG OUTAGES

| Date | Information |
|---|---|
| 09/09/09 | KOPs ordered on 08/14/09 still not here.  5 different. Reordered & showed on 09/16/09 and 10/21/09. ??? |
| 11/05/09 | Standard wrote for Bisacodyl.  Given in a bag. KOPs ordered 11/7 |
| 12/09/09 | KOPs showed  – Refilled on 12/30/09. |
| 01/06/10 | Feledene ordered HSR# 17884 12/30 not here yet.  01/11/10 Still not here. |
| 01/27/10 | Feledene reordered HSR 19066 – Rekyte 2/19/10 – Charged twice but never delivered. Grievance No. 10–0000086 denied 5/18/10.  Griev. 10–0000364 3/31/10. Denied 4/30/10;  Ordered twice more 2/19 and 2/24 HSR# 22344. |
| 03/17/10 | Recv'd KOPs – No Bisacodyl – Requested from Pharm 03/19 Requested again. Cordova there, admits there's a problem – given a few in a bag. |
| 07/07/10 | Recv'd KOPs except Bisacodyl, which was ordered on 6/03.  7/22: given some in a bag at Medical. |
| 08/11/10 | Recv'd Bisacodyl in cards for first time.  90 pills. 3 cards. |

**APPENDICE A–2.**

## CERTIFICATE OF FILING BY MAIL

**I, DO HEREBY CERTIFY** and **AFFIRM** that the Original and one true and correct copy of the foregoing amended civil complaint, with supporting documentation, was provided the Clerk of the U.S. District Court for the District of Idaho, on this 16th day of **SEPTEMBER 2011**, by placing the same in the hands of the Idaho Correctional Center's paralegal, postage prepaid, and addressed as follows:

MR. ELIZABETH A. SMITH
Clerk of U.S. District Court
DISTRICT OF IDAHO
550 West Fort Street, Rm. 400
Boise, Idaho 83705

FRANK JOHNSON – Affiant
Plaintiff pro se

**CERTIFICATE OF FILING BY MAILING – Page 1 of 1.**

FRANK JOHNSON # 56483
I.C.C.  C  POD  211-B
Post Office Box 70010
Boise, Idaho 83707

Plaintiff pro se



U.S. COURTS

SEP 2 0 2011

Rcvd_____Filed_____Time_____
ELIZABETH A. SMITH
CLERK, DISTRICT OF IDAHO

# UNITED STATES DISTRICT COURT

## DISTRICT OF IDAHO

FRANK JOHNSON,                          )
                                        )        Civil Case No. 1:11-CV-00053-CWD
    Plaintiff,                       )
                                        )
    -vs-                             )
                                        )        **MOTION TO REVIEW THE**
PHILLIP VALDEZ, former ICC Warden;      )        **AMENDED COMPLAINT**
TIM WENGLER, ICC Warden; DANIEL         )
PRADO, former ICC Assistant Warden;     )
JOEL YOUNG, former Assistant ICC        )
Warden; TOM KESSLER, present Assistant  )
ICC Warden; JOSEPH CARDONA, former      )
ICC Health Services Administrator (HSA);)
ALEC THACKER, current ICC HSA; and      )
various JOHN or JANE DOES, employed     )
by ICC's contracted medical care providers,)
all in their individual capacities;     )
                                        )
as well as their successors in office,  )
                                        )
    Defendants.                      )
_____ )

      **COMES NOW**, FRANK JOHNSON, plaintiff **pro se**, in the above entitled cause of

action; and, who respectfully moves this Honorable Court to review the Verified Amended

Complaint included herewith.

      Plaintiff's motion is predicated upon the July 18th 2011 Order of this Court on initial

review; the content of the verified amended complaint, enclosed herewith; the Federal Rules

**MOTION TO REVIEW THE VERIFIED AMENDED COMPLAINT**– Page 1 of 2.

of Civil Procedure and the Local U.S. District Court Rules, as well as the record to date.

**DATED** this 16th day of **SEPTEMBER 2011.**

Respectfully submitted

FRANK JOHNSON
Plaintiff – Movant **pro se**

**MOTION TO REVIEW THE VERIFIED AMENDED COMPLAINT– Page 2 of 2.**

FRANK JOHNSON # 56483
I.C.C.  C  POD 211-B
Post Office Box 70010
Boise, Idaho 83707

Plaintiff **pro se**



## UNITED STATES DISTRICT COURT

## DISTRICT OF IDAHO

FRANK JOHNSON,                               )
                                             )
      Plaintiff,                        )   Civil Case No. 1:11-CV-00053-CWD
                                             )
      -vs-                              )
                                             )   **VERIFIED AMENDED**
PHILLIP VALDEZ, former ICC Warden;           )   **CIVIL COMPLAINT**
TIM WENGLER, ICC Warden; DANIEL              )
PRADO, former ICC Assistant Warden;          )
JOEL YOUNG, former Assistant ICC             )
Warden; TOM KESSLER, present Assistant)
ICC Warden; JOSEPH CARDONA, former )
ICC Health Services Administrator (HSA); )
ALEC THACKER, current ICC HSA; and )
various JOHN or JANE DOES, employed )
by ICC's contracted medical care providers,)
all in their individual capacities;          )
                                             )
as well as their successors in office,       )
                                             )
      Defendants.                       )
_____)

      **COMES NOW**, FRANK JOHNSON, plaintiff **pro se**, and for his verified amended

complaint states:

### I.

### PRELIMINARY STATEMENT

      The plaintiff is a post-operative colon-rectal Cancer patient, currently diagnosed as

suffering from diabetes insipidus, Hepatitis C and gout; and, that same individual who brings

before this Court a request for declaratory and injunctive relief in a civil action seeking

compensatory and punitive damages for defendants' deliberate indifference to the plaintiff's

serious medical needs causing, inter alia, needless pain and suffering, as well as violations of

the plaintiff's right to be free from the subjection of culpable negligence and/or negligence

per se on associated issues involving these same defendants.

A CIVIL COMPLAINT - Page 1 of 10.

Exhaustion of the plaintiff's administrative remedies, regarding these claims, was done in a timely and complete fashion, prior to the filing of this complaint.

## II.
## JURISDICTION AND VENUE

Jurisdiction in these matters stems from **28 USC 1331, 1343(3)** and **(4),** since those matters in controversy herein arise under the auspicious of **42 USC 1983.**

Moreover, supplemental jurisdiction is hereby sought, pursuant to **28 USC 1367,** in this action predicated upon violation(s) of state negligence laws, as well as the fact that where these same claims are an intregal part of the case, such as here, this Court holds original jurisdiction under **Article III** of the United States Constitution.

Venue is proper in these proceedings as all of the material facts complained of herein occurred in the County of Ada, State of Idaho;  and, accordingly, these complaints are within the purview and jurisdiction of the United States District Court for the District of Idaho.

## III.
## THE PARTIES

THE PLAINTIFF:

1.      **FRANK JOHNSON** is a dual citizen of the United States and Canada; a legal resident of the State of Idaho; and, who, at all times relevant to the events complained of herein was housed within the Idaho Correctional Center **(ICC),** by virtue of a lawful Idaho judgment of conviction and sentence, under the direct care, custody, and control of Warden Phillip Valdez and later, his successor in office, Warden Tim Wengler.

DEFENDANTS:

2.      Each of the following defendants are to the best of the plaintiff's knowledge citizens of the United States and were at those times alleged herein legal residents of the State of Idaho; each possessed direct knowledge of the complaints assigned individually herein;  All of these defendants were, at those material times, employed as lawful agents or contractors for the State of Idaho, therefore legally and lawfully considered actors under color of state law.

A CIVIL COMPLAINT – Page 2 of 10.

3.      Defendant **PHILLIP VALDEZ** was employed by the Corrections Corporation of America (CCA) as the Warden of the Idaho Correctional Center (ICC) and the final appellate authority over those ICC medical grievances submitted by all ICC inmates, including the plaintiff, from 2008 thru mid–March of 2010.

In those capacities, Valdez had a legal and a contractural duty to see that the medical services provided inmates housed at ICC, including the plaintiff, met constitutional muster.

Defendant VALDEZ is being sued personally, and under both federal and state laws:

4.      Defendant **TIM WENGLER** is an employee of CCA and defendant Valdez' successor in office as both Warden at ICC and the final appellate review authority for ICC inmate medical grievances, since sometime in early 2010 and continuing through the date of this filing. As such, Wengler has and continues to have a legal and contractual duty to the plaintiff to provide a level of medical services that meets state and federal yardsticks.

Defendant WENGLER is being sued personally, under both federal and state laws.

5.      Defendant **DANIEL PRADO** was employed by the Corrections Corporation of America as the Assistant Warden of Security at ICC, from 2009 until March of 2010. Moreover, Prado was the initial appellate review authority for medical complaints filed by ICC inmates, including the plaintiff, with a legal duty and contractual obligation to protect the plaintiff and other ICC inmates from any deliberate indifference to their serious medical needs by those staff under his purview and control.

Defendant PRADO is being sued personally, under both federal and state laws:

6.      Defendant **JOEL YOUNG** was, throughout 2009 employed by the Corrections Corporation of America as an Assistant Warden of Operations at the Idaho Correctional Center. And, in that capacity, defendant Young had both the oversight of ICC's medical health services as well as the initial level of review authority for the grievance process on medical matters; and, accordingly, this defendant was legally and contractuarily bound to preserve and protect the rights of ICC inmates, including the plaintiff, from unconstitutional levels of medical care.

Defendant YOUNG is being sued under federal and state laws in his personal capacity:

A CIVIL COMPLAINT – Page 3 of 10.

7.    Defendant TOM KESSLER beginning in 2010 and continuing thru today, was employed as the ICC Assistant Warden of Operations, by the Corrections Corporation of America and defendant Young's successor in office. Upon reasonable information and belief, this defendant had a legal and contractual obligation to the plaintiff and all ICC inmates pursuant to his duties of administrative oversight for ICC's medical health services as well as being the initial level of review authority for the grievance system through which the plaintiff sought protection against the deliberate indifference to his serious medical needs regarding diet and the proper delivery of prescribed medications.

Defendant KESSLER is being sued personally, under federal and state laws:

8.    Defendant JOSEPH CORDONA was previously employed as the ICC Health Services Administrator; and, as such, Cordona had a legal duty and contractual obligation to maintain a level of medical services and distribution of prescribed medications that met the plaintiff's rights under both the Eighth Amendment to the United States Constitution and those same obligations under the state laws governing negligence.

Defendant JOSEPH CORDONA is being sued personally, under federal and state laws:

9.    Defendant D. ALEC THACKER is Cordona's successor in office, and the current ICC Health Services Administrator charged with the administration of the ICC medical services As such, Thacker has a legal duty and contractual responsibility to provide that level of distribution of prescribed medications and scheduling of health services that meets constitutional muster under the 8th Amendment to the U.S. Constitution  as well as those same duties and obligations under the state laws governing negligence for all ICC inmates, including the plaintiff.

Defendant THACKER is being sued personally, under state and federal laws:

10.    Defendants JOHN and JANE DOES, are those employees of ICC's contracted medical care providers, whose names are currently unknown to the plaintiff but, who were responsible for the initial and chronic care treatment of the plaintiff's diabetes insipidus, gout, colostomy maintenance, and prevention of plaintiff's unnecessary pain and suffering.

A CIVIL COMPLAINT – Page 4 of 10.

Initial discovery will reveal each of these defendants and the plaintiff will immediately move to amend with substitution and withdraw all references to Jane and/or John Does within 180 days of service, not counting settlement negotiation time frames:

Defendants JOHN & JANE DOE are being sued personally under federal and state laws

## IV.
## STATEMENT OF HISTORICAL FACTS

**11.**     The plaintiff is an Idaho state prisoner lawfully and continuously incarcerated pursuant to an Idaho conviction and sentence for second degree homicide since 1998.

**12.**     In April of 2004 the plaintiff was diagnosed with colon cancer; chemotherapy was instituted, and eventually a huge (7x14 cm) malignant tumor was surgically removed from the plaintiff's descending colon, along with a large portion of the colon itself; a stoma was implanted for life long waste removal.

**13.**     Initial recovery was marked by a serious kidney infection, excerbated by the fact that the plaintiff has congenital diabetes insipidus; a disease that affects kidney function and regulation of how the body uses water.

**14.**     All of these events occurred while the plaintiff, otherwise shown as Johnson, was housed at the Idaho Correctional Institution Orofino (ICI–O) and the Idaho State Correctional Institution (ISCI), South of Boise; they are introduced solely for historical purposes, and not intended as a direct part of the causes of actions brought here.

## STATEMENT OF MATERIAL FACTS

**15.**     ICC is a institutional facility owned by the Idaho Department of Corrections and managed under a contractual agreement with Corrections Corporation of America; a hire for profit corporation incorporated within the state of Maryland and based in Tennessee.

**16.**     On January 11, 2008 Johnson was transferred to the Idaho Correctional Center (**ICC**) West of ISCI, by Idaho Department of Corrections (**IDOC**) directive.

**17.**     When Johnson arrived he had previously been diagnosed and was being treated and/or monitored for the following medical problems: Care and maintenance of his stoma and colostomy; diabetes insipidus; gout; and Hep C.

A CIVIL COMPLAINT – Page 5 of 10.

18.    Immediately upon arrival Johnson began to experience problems with his medical treatment at ICC when his currently prescribed medications were taken away that same day and his treatment interrupted.   Johnson responded by filing a health services request and speaking with a Jane Doe nurse who met with him on January 17, 2008, and heard his complaints of pain and concerns about ICC's refusal to provide his prescribed medications.

19.    Beginning with his arrival and continuing through the present day Johnson has been forced to endure numerous and sometimes lengthy periods of the absence of medications intended to treat each of his medical problems with the exception of Hepatitis C. See Appendice A 1-2. A partial record of prescribed medication outages experianced by the plaintiff following his transfer to ICC, in this regard.

20.    The consequence of these on-going shortages of prescribed medications, plus the imposition of an improper diet, has been that the plaintiff has suffered needless pain and anxiety over these past many months, as well as the eventual destruction of his stoma and the necessity for two (2009 and 2011) separate operations to repair that device thus far:

21.    Despite having completely and repeatedly exhausted his administrative remedies on the issues of a diet incompatible with his colostomy, the repeated failure to deliver prescribed medications, the imposition of a dysfunctional grievance system which has only served to allow the defendants to delay and avoid proper medical treatment, and the plaintiff being repeatedly and erroneously charged for chronic care medications, the foregoing deliberate indifference continues to occur.

22.    The IDOC Grievance Policy 316.02.01.001, which CCA is contractually bound to follow, prescribes that medical grievance issues will be handled at the two appellate review levels of the process by trained medical personnel.

23.    Each of the defendants is aware of and has personally participated in those problems regarding Johnson's medical treatment during those times noted in this complaint's following causes of action section.

24.    As a matter of fact and law none of these defendants are not entitled to qualified immunity.

A CIVIL COMPLAINT – Page 6 of 10.

## VI.

## FIRST CAUSE OF ACTION

23.   Predicated upon the foregoing and following relevant facts and reasonable belief, the plaintiff alleges that defendants Valdez, Wengler, Prado, Young and Kessler have individually and collectively engaged in acts and and/or omissions which demonstrate a deliberate indifference to the serious medical needs of the plaintiff, causing or contributing to Johnson's needless pain and suffering, otherwise unnecessary surgery; and, that such conduct is in direct violation of those rights guaranteed Johnson under the Eighth Amendment to the U.S. Constitution and the responsibilities and duties of their respective offices: **Specifically:**

A.   **Defendant Phillip Valdez,** between January of 2008 and the time of his replacement by Defendant Wengler in 2010, assumed the mantle of the final appellate authority for medical grievance complaints by the plaintiff and all other inmates at ICC, during which time he denied the plaintiff's requests for relief from an improper diet for someone with a colostemy, as well as failing to correct the known and continuous systemic problem of the plaintiff's prescription medication outages; the combination of which caused Johnson continuous needless pain and suffering and two (2) otherwise unnecessary surgeries:

B.   **Defendant Wengler,** between his appointment as the Warden of ICC in 2010 and the present date has elected to act in the capacity of the final appellate authority on matters of medically related grievances by the plaintiff and other ICC inmates, and over the course of such times this defendant has known and either failed to act upon or denied the plaintiff relief from the continuing problems with the failure to properly deliver pharmaceutical prescriptions to the plaintiff; thereby causing Johnson needless pain  and suffering and the necessity for otherwise unneeded surgery.

C.  **Defendant Prado,** during these 2009-2010 time frames, and in contradiction to the established mandates of IDOC Grievance Policy 316.02.01.001, has engaged himself as the initial appellate review authority on medical grievances and denied the plaintiff's complaints about an improper diet and ICC's failure to provide prescribed medication in a proper manner; thus contributing to and participating in the plaintiff's needless pain and suffering

A CIVIL COMPLAINT – Page 7 of 10.

D.    **Defendant Young** was throughout the year of 2009 charged with the oversight of ICC medical services and, contrary to the tenets of IDOC Grievance Policy 316.02.01.001, functioned as the initial appellate authority on medical issues. Defendant Young was directly involved in denying the plaintiff his change of diet and failing in his duty to correct the systemic problems in ICC medical's untimely delivery of prescribed medications, despite his direct knowledge of those problems:

E.    **Defendant Kessler**, subsequent to Defendant Young's leaving, has assumed the oversite of ICC medical services, as well as the intial review authority on grievances of a medical nature, contrary to the directives of IDOC Grievance Policy 316.02.01.001. Defendant Kessler has been directly involved in the denial of Johnson's  complaints for relief from ICC medical's failure to deliver prescribed medications in a timely manner, despite his direct knowledge from 2010 through the present time; thereby causing or failing to prevent Johnson's needless pain and suffering.

24.    To the best of the plaintiff's knowledge and belief, none of the foregoing defendants has any formal training in the practice of medicine.

25.    While the defendants have changed since the on-set of the complained acts or omissions in 2008, the course of conduct has not; and, accordingly, the plaintiff alleges that the wrongs constitute a continuous tort and do not entitle the defendants relief under the normal statute of limitations:

## SECOND CAUSE OF ACTION

26.    Moreover, based upon those same facts and beliefs, Johnson asserts that the conduct of defendants Cordona, Thacker, and various John and/or Jane Does, in failing to adequately address his initial medical problems and to provide permanent solutions to those same problems constitutes a deliberate indfference to Johnson's serious medical needs and/or culpable negligence. Thereby abrogating Johnson protections under the Eighth Amendments to the United States Constitution and those state laws regarding negligence.

A CIVIL COMPLAINT – Page 8 of 10.

27.    Accordingly, Johnson seeks declaratory, injunctive, compensatory and punative relief and damages against the defendants jointly and severally pursuant to 42 USC ¶1983.

## VII.
## LAWSUITS AND ADMINISTRATIVE RELIEF

28.    There have been no previous law suits or other legal actions based upon these same set of material facts filed in any State or United States District Court.

## VIII.
## PRAYER FOR RELIEF

29.    The foregoing facts and reasons are sufficient to respectfully request that this Court enter an Order containing the following directives:

A.    **THAT** the Court assume jurisdiction of these proceedings, conduct it's initial review, pursuant to **28 USC 1915(e)** and **1915A,** and, thereafter place the matter on the Court's normal calendar: and,

B.    **ISSUE** an Order of referral to an **Article III Judge,** setting a judicially supervised early settlement conference:

C.    **IN THE EVENT** that a settlement agreement can not be reached and the plaintiff's evidence is found persuasive, that the Court enter a declaratory judgment which holds the defendants, individually and/or collectively have violated the plaintiff's applicable federal and state constitutional rights to due process and adequate medical treatment:

D.    **THAT,** an injunction be issued forbidding these defendants or any of their subcontractors or agents from any further and future failure to meet the medical treatment needs of the plaintiff.

E.    **THAT,** compensatory damages be awarded the plaintiff in an amount that the evidence at trial may show is proper against each of the defendants:

F.    **THAT,** punitive damages be granted against the applicable defendants, in an amount to be determined at that same trial:

A CIVIL COMPLAINT – Page 9 of 10.

G.     **AND**, for such other and alternative relief as is just and equitable under the circumstances, including the award of attorney fees and costs, should plaintiff obtain counsel.

DATED this 16th day of **SEPTEMBER 2011**.

Respectfully submitted by:

FRANK JOHNSON
Plaintiff **pro se**

## IX.
## VERIFICATION

29.    I, **DO HEREBY CERTIFY** and **AFFIRM** that I am the plaintiff in the above and foregoing civil complaint; that the plaintiff has read the included complaint in its entirety; and, that the facts and allegations contained therein are true and correct to the best of the plaintiff's knowledge and belief in all respects.

DATED this 16th day of **SEPTEMBER 2011**.

Respectfully submitted by:

FRANK JOHNSON
Plaintiff **pro se**

SUBSCRIBED and **SWORN** to before me, a Notary, on this 16th day of **SEPTEMBER** 2011.

NOTARY PUBLIC – State of Idaho

*** SEAL ***

JAMES G. QUINN
NOTARY PUBLIC
STATE OF IDAHO

Commission Expires: 9/10/13.

**A CIVIL COMPLAINT – Page 10 of 10.**

# PRESCRIPTION DRUG OUTAGES

| Date | Information |
|------|-------------|
| 01/13/08 | Arrived from the ISCI: All medications were withheld for approximately five (5) days, despite complaints to medical staff. |
| 01/17/08 | Asked N.P. Lee for meds., refused to provide & referred me to Dr. Garrett. |
| 09/25/08 | No KOPs today – HCTZ (diabetes) Out approximately 10 days by 9/27. |
| 10/03/08 | Supply day: Informed by Janet Stanger (J.S.) that per Paula Miser no more Bisacodyl in the bags. Had been given that way for almost ten (10) months. |
| 10/18/08 | Saturday: Told to pick up Cascara but prescription was not there. Val/Pharm. had ordered on 10/06/08 – Report to J.S. |
| 10/21/08 | Pill Call; Still no Cascara – showed on 10/23/08; Liquid Laxative single dose. |
| 10/23/08 | Amitiza – Ordered on 10/06/08 arrived today. Laxative. |
| 11/06/08 | Allopurinol HSR#150592 for Gout (Breaks down Uric acid in blood) pain meds. Rekyted HSR 150593 11/09/08.  Showed Up: 2/11/09 (?). |
| 12/06/08 | DDAVP 2nd HSR 154364 (diabetes insipidus) Scrip not renewed. |
| 12/18/08 | DDAVP – Still not in. |
| 12/20/08 | Pill Call: – Still no DDAVP. |
| 12/23/08 | DDAVP – 3rd Kyte HSR# 154365 (1st Kyte 154361)  Sick |
| 12/27/08 | DDAVP – Still none. Told "non-formulary don't want to buy because of cost." |
| 12/29/08 | Alyssia (sic) Told to report to Pill Call 12/30.  Sicker. |
| 01/02/09 | DDAVP – Still no pills – Sicker |
| 01/04/09 | Recv'd DDAVP finally. –  Ordered Allipurinol HSR# 154369. |
| 01/12/09 | Ordered Naproxin HSR# 01339 |
| 01/21/09 | No Naproxin – J.S. says not to rekyte. |
| 01/25/09 | No Naproxin – Reorder HSR# 01342 Gout and Arthritis pain. |
| 02/03/09 | Aldactone ordered. Still not there on 02/11/09 according to Nurse Hammond. |
| 02/04/09 | Naproxin Recv'd. |
| 02/18/09 | Aldactone Recv'd.   On 02/19/09 spoke with P.A. O'Conner about delay. No reply. |
| 04/03/09 | Aldactone shows, plus Indomethacin (Pain–Gout) Mandy Gage finds both. |
| 04/12/09 | Kyted for Desmopressin.HSR# 08749. |
| 04/22/09 | Lock Down ! Ordered KOPs. Reordered Aldactone 4/24; Desmopressin No Show 04/25. |
| 04/27/09 | Desmopressin Recv'd. |
| 05/06/09 | Recv'd Aldactone and Potassium – No Indomethesin (Pain for Gout) Out 3 days |
| 05/11/09 | Still no Indomethacin. 05/15/09 Reordered; 05/20/09 Still None. |
| 06/24/09 | Recv'd Indomethacin !  Out for total of 51 days. |
| 09/04/09 | DC'd Indomethacin (bleeding around Stoma), Potassium, replace w/Feldene |

**APPENDICE A-1.**

# PRESCRIPTION DRUG OUTAGES

| Date | Information |
|---|---|
| 09/09/09 | KOPs ordered on 08/14/09 still not here.  5 different. Reordered & showed on 09/16/09 and 10/21/09. ??? |
| 11/05/09 | Standard wrote for Bisacodyl.  Given in a bag. KOPs ordered 11/7 |
| 12/09/09 | KOPs showed  – Refilled on 12/30/09. |
| 01/06/10 | Feledene ordered HSR# 17884 12/30 not here yet.  01/11/10 Still not here. |
| 01/27/10 | Feldene reordered HSR 19066 – Rekyte 2/19/10 – Charged twice but never delivered. Grievance No. 10–0000086 denied 5/18/10.  Griev. 10–0000364 3/31/10. Denied 4/30/10;  Ordered twice more 2/19 and 2/24 HSR# 22344. |
| 03/17/10 | Recv'd KOPs – No Bisacodyl – Requested from Pharm 03/19 Requested again. Cordova there, admits there's a problem – given a few in a bag. |
| 07/07/10 | Recv'd KOPs except Bisacodyl, which was ordered on 6/03.  7/22: given some in a bag at Medical. |
| 08/11/10 | Recv'd Bisacodyl in cards for first time.  90 pills. 3 cards. |

APPENDICE A-2.

## CERTIFICATE OF FILING BY MAIL

**I, DO HEREBY CERTIFY** and **AFFIRM** that the Original and one true and correct copy of the foregoing amended civil complaint, with supporting documentation, was provided the Clerk of the U.S. District Court for the District of Idaho, on this 16th day of **SEPTEMBER 2011**, by placing the same in the hands of the Idaho Correctional Center's paralegal, postage prepaid, and addressed as follows:

**MR. ELIZABETH A. SMITH**
Clerk of U.S. District Court
DISTRICT OF IDAHO
550 West Fort Street, Rm. 400
Boise, Idaho 83705

FRANK JOHNSON – Affiant
Plaintiff pro se

CERTIFICATE OF FILING BY MAILING – Page 1 of 1.